# Third District Court of Appeal

## State of Florida

Opinion filed January 7, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0072
Lower Tribunal No. 24-10823-CA-01
_____


**Shushanna Hill-Becton,**
Appellant,

vs.

**MIA Aesthetics Clinic, LLC, et al.,**
Appellees.



An Appeal from a non-final order from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Russomanno & Borrello, P.A., and Christopher Russomanno and Robert J. Borrello; Wasson & Associates, Chartered, and Roy D. Wasson, for appellant.

Falk, Waas, Hernandez, Solomon, Mendlestein & Davis, P.A., and Scott L. Mendlestein and Jessica M. Hernandez, for appellees MIA Aesthetics Clinic, LLC and Sol Plastic Surgery, LLC.


Before SCALES, C.J., and EMAS and MILLER, JJ.

PER CURIAM.

Appellant Shushanna Hill-Becton, the plaintiff below, appeals a non-final order granting a motion to compel arbitration filed by the defendants below, appellees Lauren M. Wright, D.O., Mia Aesthetics Clinic, LLC and Sol Plastic Surgery, LLC. We have jurisdiction. See Fla. R. App. P. 9.130(a)(3)(I).

"Courts must consider three elements when ruling on a motion to compel arbitration: '(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived.'" Lemos v. Sessa, 319 So. 3d 135, 139 (Fla. 3d DCA 2021) (quoting Seifert v. U.S. Home Corp., 750 So. 2d 633, 636 (Fla. 1999)). In this appeal, as below, Hill-Becton challenges only the first element, claiming that the parties do not have a valid agreement to arbitrate because the arbitration provisions contained in the parties' contract are purportedly unconscionable. Because, on our *de novo* review,[1] we agree with the trial court that Hill-Becton failed to establish that the subject arbitration provisions are both procedurally and substantively unconscionable, we affirm the challenged

---

[1] See Concierge Auctions, LLC v. Coldwell Banker Residential Real Estate, LLC, 394 So. 3d 119, 124 (Fla. 3d DCA 2024) ("Generally, we review de novo an order granting or denying a motion to compel arbitration.").

order that compels arbitration of Hill-Becton's underlying claims. See M.P. v. Guiribitey Cosmetic & Beauty Inst., Inc., 389 So. 3d 598, 603 (Fla. 3d DCA 2023) ("Florida case law provides concrete guidance as to the burden assumed by a litigant seeking to avoid arbitration. The litigant must establish both procedural and substantive unconscionability."); SheddF2-FL3, LLC v. Penthouse S., LLC, 314 So. 3d 403, 409 (Fla. 3d DCA 2020) ("[B]ecause there was absolutely no evidence of procedural unconscionability, the Obligors' claim of unconscionability fails as a matter of law."); see also Massage Envy Franchising, LLC v. Doe, 339 So. 3d 481, 484 (Fla. 5th DCA 2022) ("[A] clickwrap agreement occurs when a website directs a purchaser or user to the terms and conditions of the sale and requires the user to click a box to acknowledge that they have read those terms and conditions. These agreements are generally enforceable.").

Affirmed.[2]

---

[2] We decline Hill-Becton's invitation to decide, in the first instance, whether the contract's arbitration provisions are violative of public policy. We express no opinion regarding this separate and distinct issue that the record reflects remains unadjudicated by, and pending in, the trial court.